UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: | Case No. 15-48767

MICHAEL L. TAYLOR, | Chapter 7

    Debtor. | Judge Thomas J. Tucker
_____ /

LONE PINE ACQUISITIONS, LLC, | Adv. Pro. No. 15-4906

    Plaintiff,

v.

MICHAEL L. TAYLOR,

    Defendant.
_____ /

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

This adversary proceeding is before the Court on Defendant's motion entitled "Motion to Set Aside Default Judgment," filed October 21, 2015 (Docket # 7, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the default judgment entered against Defendant on October 20, 2015 (Docket # 6). Plaintiff filed a response opposing the Motion, on November 3, 2015 (Docket # 8). The Court concludes that a hearing on the Motion is not necessary, and the Motion will be denied, for the following reasons.

**First,** to the extent the Motion can be considered a motion for reconsideration, the Court finds and concludes that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3)(E.D. Mich.).

**Second,** the Motion is incorrect in arguing that the default judgment was entered prematurely — *i.e.*, before the deadline had passed for Defendant to file an answer to the Plaintiff's complaint. Defendant's answer deadline was **Monday, October 19, 2015**. This date is correctly calculated in the following way. Under Fed.R.Bankr.P. 7012(a), the answer deadline was "30 days after the issuance of the summons." The summons (Docket # 2) itself clearly stated what its issuance date was ("Date Issued: 9/18/15") and also stated that the answer deadline was "30 days from the date of issuance of this summons." The date that was 30 days after the date of issuance of the summons (September 18, 2015 plus 30 days) was Sunday, October 18, 2015. Because that day was a Sunday, under Fed.R.Bankr.P. 9006(a)(1)(C), Defendant's answer deadline was the next day — *i.e.*, Monday, October 19, 2015. Thus, the Clerk's Entry of Default (Docket # 4) and the default judgment (Docket # 6), both entered on October 20, 2015, were not premature.

Defendant's Motion argues that three days must be added to the October 19, 2015 answer deadline under Fed.R.Bankr.P. 9006(f), because the summons and complaint was served upon Defendant by mail. But that rule does not apply in this instance, because Defendant's deadline to answer the complaint was not measured as being "within a prescribed period **after service**," within the meaning of Rule 9006(f)(emphasis added). Rather, under Rule 7012(a), the answer deadline was measured as being within a prescribed time (30 days) "after the **issuance** of the summons" (emphasis added). So the default judgment was not entered prematurely.

**Third,** the Court finds and concludes that even if the allegations in the Motion show "neglect" in Defendant's failure to timely answer the complaint, the allegations do not show *excusable* neglect under Fed.R.Civ.P. 60(b)(1), Fed.R.Bankr.P. 9024. *See generally Q Tech.,*

2

*Inc. v. Allard* (*In re Trans-Industries, Inc.*), No. 08-14655, 2009 WL 1259991 (E.D. Mich. May 1, 2009).

**Fourth,** the allegations in the Motion do not establish or demonstrate any other valid ground for relief from the default judgment in this case, under any provision of Fed.R.Bankr.P. 60(b), or otherwise.

**Fifth,** to the extent the Motion alleges or implies that there was neglect or a mistake by Defendant's *attorney*, *e.g.*, in calculating Defendant's answer deadline, that is attributable to Defendant, for purposes of determining whether any alleged neglect or mistake was excusable. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993)(in determining whether "excusable neglect" is shown, "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable"). In the *Pioneer Investment* case, the Supreme Court reasoned:

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"
>
> This principle applies with equal force here and requires that respondents be held accountable for the acts and omissions of their chosen counsel.

507 U.S. at 397 (quoting, in part, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)); *see also Hords v. Ocwen Loan Servicing, LLC*, 601 F. App'x 440, 441 (6th Cir. 2015)(holding that "[t]o obtain relief [under Fed.R.Civ.P. 60(b)(1)] for [an attorney's] mistake, however, a litigant must show, among other things, that the error is excusable;" and that "a client is accountable for

3

15-04906-tjt    Doc 10    Filed 11/04/15    Entered 11/04/15 15:16:03    Page 3 of 5

his attorney's 'acts and omissions.'")(citing *Yeschick v. Mineta*, 675 F.3d 622, 628-29 (6th Cir. 2012).

**Sixth,** the error of law by Defendant's attorney, which apparently caused him to miscalculate Defendant's answer deadline, cannot be viewed as *excusable* neglect or an *excusable* mistake under Rule 60(b)(1). *See, e.g., McCurry v. Adventist Health Systems/Sunbelt, Inc.*, 298 F.3d 586, 593-95 (6th Cir. 2002)(attorney's mistake of law, or "misinterpretation of the law" does not constitute excusable mistake under Rule 60(b)(1)); *FHC Equities, LLC v. MBL Life Assurance Corp.*, 188 F.3d 678, 685-87 (6th Cir. 1999)(attorney's ignorance of, or misinterpretation of, the Federal Rules or the law is insufficient to permit Rule 60(b)(1) relief); *see also Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011)("We find nothing extraordinary or unusual about counsel's calendaring error that should relieve Symbionics of its duty to comply with the time limit of Rule 4(a)(1). . . . [T]his neglect is precisely the sort of 'run-of-the-mill inattentiveness by counsel' that we have consistently declined to excuse in the past.").

**Seventh,** the Motion's allegation that Defendant has a meritorious defense to present to Plaintiff's complaint, if he is granted relief from the default judgment, standing alone, is not sufficient to establish grounds for relief from judgment. *See, e.g., Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)(holding that the determination of whether to set aside a default judgment under Civil Rule 60(b)(1) requires a three-step analysis: first, the moving party must "demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect;" and only after this threshold requirement has been satisfied may the Court consider the remaining two steps of the analysis; namely "whether the [moving party] has a meritorious defense," and "whether the [non-moving party] will be

4

prejudiced" by relief from judgment.).

**Eighth,** the Motion does not demonstrate any basis for relief under Fed.R.Civ.P. 60(b)(6), because the allegations in the Motion do not demonstrate either of the following requirements for relief under Rule 60(b)(6): "extraordinary circumstances suggesting that [Defendant] is faultless in the delay." *See Q Tech., Inc.*, 2009 WL 1259991, at *6 (citing *Pioneer*, 507 U.S. at 392-93). Here, there are no such "extraordinary circumstances," and Defendant is not "faultless in the delay."

For all of these reasons,

IT IS ORDERED that the Motion (Docket # 7) is denied.

**Signed on November 4, 2015**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**